[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PLAINTIFF'S MOTION FOR CLARIFICATION AND ARTICULATION (#120)
The plaintiff's motion is granted so the issues raised therein may be addressed.
1. Counsel's observation is correct. The court should have stated the order in a more direct and concise manner. The court articulates the order as follows:
 "2. The defendant is awarded the items listed on plaintiff's Exhibit BB except the dining room table and the two (2) chairs which are awarded to the plaintiff. All remaining contents of the Tunxis cottage shall be defendant's sole property."
1.a) There is no typographical error.
1.b) The court intended to leave the cottage furnished.
It may be true that "the desires of neither of the parties CT Page 2370 are being fulfilled" but this often happens when parties litigate. The parties had ample opportunity to arrive at their own division of tangible personal property and failed to do so.
1.c) The court knows of no requirement calling upon the court to "reflect the parties desires" in contested litigation.
1.d) The court was not influenced in any way.
2. After conducting a further hearing on the plaintiff's motion, the court is convinced that the order giving the plaintiff $35,000 must be in cash and not by the transfer of securities because the original order created capital gain problems. The court's order is amended to read:
 "4. The defendant shall pay the sum of $35,000.00 to the plaintiff in cash and the defendant shall be solely responsible for any tax liability this order causes since the defendant's recourse to pay same is from the brokerage account. (Defendant's Exhibit #11)."
2.c) The pendente restraining order is moot upon entry of the judgment.
2.i) Upon payment of the cash to plaintiff, the defendant shall be sole owner of what remains in the brokerage account.
3. The court did not reassign to defendant any responsibility for the plaintiff's credit card debt.
4. The court declines to answer.
5. The court awarded no allowance to prosecute.
HARRIGAN, J.